Filed 9/29/15  P. v. Abelino CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067504 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN327121) |
| EDGAR LIONEL ABELINO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Blaine K. Bowman, Judge.  Affirmed.

Cannon & Harris and Donna L. Harris, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

The People charged Edgar Lionel Abelino with robbery (Pen. Code, § 211)[1] (count 1) and being a felon in possession of a firearm (§ 29800, subd. (a)(1)) (count 2). The People also alleged that Abelino personally used a firearm in the commission of count 1 (§ 12022.53, subd. (b)). After Abelino waived his right to a jury trial, the trial court conducted a bench trial. At the conclusion of the trial, the court found Abelino guilty on both counts and found true the firearm enhancement allegation. The court sentenced Abelino to an aggregate term of 13 years 8 months in prison in this case. In addition, the court imposed two one-year sentences in two other cases, to be served consecutively to the terms in this case and to each other. The court also imposed a two-year sentence in a third additional case, to be served concurrently. The court sentenced Abelino to a total aggregate term of 15 years 8 months in prison.

Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). After having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

---

[1]     Unless otherwise specified, all subsequent statutory references are to the Penal Code.

## II.

## FACTUAL BACKGROUND

A.    *The robbery*

On December 2, 2013, at approximately 9:30 in the evening, Khoi Van Do was working as a clerk at a liquor store in Vista. Abelino entered the store. Shortly thereafter, Abelino approached Do with an 18-pack of beer. Abelino placed some cash on the counter.

Do asked Abelino for identification. Abelino briefly "shuffled in his [pants] pockets." Abelino then pulled up his shirt to display a gun tucked into his pants and told Do, "[G]ive me your cash."

Do handed Abelino approximately $100. Abelino picked up the $100, the money that he had previously placed on the counter, and the beer. As he was leaving the store, Abelino told Do not to say anything because Abelino knew where Do lived. As soon as Abelino left, Do pressed the silent alarm and called the police.

Do told police that the suspect was a Hispanic male with a slim mustache who was approximately 5 feet 6 inches tall and in his early 20's, wearing a baseball cap and a flannel jacket. Do also told police that the gun used in the robbery was a black semiautomatic.

B.     *Abelino's arrest*

On the morning of December 23, 2013, a bail agent was arresting an individual unrelated to this case. As he was effectuating the arrest, the agent saw Abelino seated in the driver's seat of a nearby blue Chevy Impala. Abelino appeared nervous. The agent asked Abelino whether he had any weapons on him. Abelino admitted he had a gun "in the small of his back." The agent detained Abelino and called police.

An officer arrested Abelino for several outstanding warrants and for being a felon in possession of a firearm. A few days later, police booked Abelino for the charged robbery.

C.     *Physical evidence*

A surveillance video showing the outside of the liquor store on the night of the robbery depicts the suspect getting out of a blue Chevy Impala with distinctive wheels. A second video depicts the suspect inside the store with a tattoo on the back of his left hand, wearing a blue wristband and a gold watch with a black face.

Abelino has a tattoo that is approximately the same shape and location as the tattoo visible on the suspect's hand on the surveillance video. In addition, at the time of his arrest, Abelino was wearing a gold watch with a black face and a wristband that appeared similar to the watch and band worn by the robbery suspect in the surveillance video.

The blue Chevy Impala in which Abelino was arrested had distinctive wheels that matched those on the Impala in the surveillance video. In addition, the gun recovered

4

from Abelino during his arrest matched the description of the gun used in the robbery given by Do.

D.    *Jail call*

Approximately one week after he was booked for the robbery, Abelino telephoned his girlfriend from jail.  During the recorded phone call, Abelino explained that he had been charged with a robbery.  Abelino said that he had talked to his "homeys in custody" and they had told him that because he had never pointed a gun during the incident, it did not meet the criteria for a robbery.  Abelino admitted to his girlfriend that he possessed a gun during the incident, but stated that he never actually pointed the gun at the victim. Instead, Abelino explained that he had used his eyes to direct the victim's attention to the weapon and that the surveillance camera would have been unable to capture his eye movements.

## III.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court.  Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende, supra,* 25 Cal.3d 436. Pursuant to *Anders, supra,* 386 U.S. 738, counsel identified the following as possible, but not arguable, issues:

> "Whether evidence that the victim saw a gun when appellant lifted the edge of his shirt at
> the time of the robbery was sufficient to sustain a true finding that appellant used a
> firearm in the commission of the robbery."

"Whether the evidence was sufficient to support the trial court's finding that appellant was the perpetrator of the robbery."

"Whether [the sentence on] count [2] — felon in possession of a firearm — should have been stayed under Penal Code section 654 since the firearm was used in the commission of the robbery."

After this court received counsel's brief, we gave Abelino the opportunity to file a supplemental brief. Abelino has not filed a brief.

A review of the record pursuant to *Wende, supra,* 25 Cal.3d 436, and *Anders, supra,* 386 U.S. 738, including the issues suggested by counsel, has disclosed no reasonably arguable appellate issue. Abelino has been adequately represented by counsel on this appeal.

IV.

DISPOSITION

The judgment is affirmed.

AARON, J.

WE CONCUR:

O'ROURKE, Acting P. J.

IRION, J.

6